UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WALLACE, | Case No. 1:21-cv-001275-DAD-EPG |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE |
| LEMOORE PD, et al., | |
| Defendants. | (ECF No. 4) |

Plaintiff James Edward Wallace is an inmate proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On September 9, 2021, Plaintiff filed a motion for appointment of counsel, stating, in part, that his status as an "in[d]igent inmate with limited reso[u]rces/supplies" warrants the Court's appointment of counsel. (ECF No. 4).

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request that an attorney represent an indigent party in a civil case. However, the appointment of counsel is not a constitutional right, and the Court cannot require an attorney to represent a party. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998); *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). Without a reasonable method of securing and compensating counsel, the Court will seek the voluntary assistance of counsel only in the most serious and exceptional circumstances.

*Rand*, 113 F.3d at 1525. In determining whether exceptional circumstances exist, "a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The circumstances in this case are not exceptional. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. Therefore, the Court declines to seek the voluntary assistance of counsel.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

Accordingly, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 4) is denied without prejudice.

IT IS SO ORDERED.

Dated: **September 13, 2021**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE