UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WALLACE,<br><br>        Plaintiff,<br><br>  v.<br><br>ACOSTA, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01275-DAD-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1)   NOTIFY THE COURT THAT HE WANTS TO PROCEED ONLY ON HIS EXCESSIVE-FORCE CLAIM AGAINST DEFENDANT ACOSTA;<br><br>(2)   FILE A FIRST AMENDED COMPLAINT; OR<br><br>(3)   NOTIFY THE COURT THAT HE WANTS TO STAND ON HIS COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff James Edward Wallace is a pretrial detainee and proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 3). Plaintiff filed his complaint on August 23, 2021, which is now before the Court for screening. (ECF No. 1).

The Court has reviewed the complaint and finds that Plaintiff's excessive-force claim against Defendant Acosta should proceed past screening. The Court finds that no other claims should proceed past the screening stage.

1

Plaintiff now has the following options as to how to move forward. Plaintiff may file an amended complaint if he believes that additional facts would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court saying that he wants to go forward only on his excessive-force claim against Defendant Acosta. If Plaintiff files a statement that he wants to go forward only on this claim, the Court will authorize service of process on Defendant Acosta and the case will proceed on this claim. Finally, Plaintiff may file a statement with the Court saying that he wants to stand on this complaint and have it reviewed by the district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. (ECF No. 4). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

(quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff presents three separate claims in his complaint. For the "[i]nstitution/city where violation[s] occurred," the complaint lists: "Lemoore, CA 711 on Bush, St."[1] (ECF No. 1, p. 1). For each claim, Plaintiff lists the Eighth and Ninth Amendments to the United States Constitution as the source of the rights that were violated. (*Id.* at 3-5).

The supporting facts for Plaintiff's first claim are as follows. On July 28, 2021, Plaintiff "suffered a variety of injuries and police brutality brought on by the Lemoore Police Dept., specifically, Officer Acosta." (*Id.* at 3). Plaintiff alleges that "[t]his cruel and unusual punishment was unwarranted as [he] was already detained in cuffs apprehended by authorities." (*Id.*). "Once in handcuffs by Acosta he and other officers pinned [Plaintiff] to the floor while another officer tazed [him] in the back right side and held [the] shocker for approximately a minute." (*Id.*). This incident left Plaintiff "in excruciating pain which caused [his] asthma to spike." (*Id.*). Plaintiff "was also slammed and suffered injuries to [his] face (bleeding) and shoulder." (*Id.*).

In their entirety, the supporting facts for Plaintiff's second claim are as follows: "Due to the claim I, I never seen medical. Medical negligence was clearly displayed. I requested medical attention and got none." (*Id.* at 4). For the "injury" section for this claim, Plaintiff lists "scars, puncture wounds, migraines, [and] blackouts." (*Id.*).

---

[1] For readability, minor alterations, such as correcting misspellings and altering punctuation, have been made to quoted portions of Plaintiff's complaint without specifically indicating the changes.

In their entirety, the supporting facts for Plaintiff's third claim are as follows: "As a result of claims I [and] II officers stole my car for no reason. The car was insured and in my sister's name." (*Id.* at 5).

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of

causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B. Excessive Force

Although Plaintiff is currently confined at the Kings County Jail and thus appears to be a pretrial detainee, his complaint concerns events that took place before he was confined. (ECF No. 1, p. 1-5). Accordingly, although Plaintiff's first claim alleges "cruel and unusual punishment" under the Eighth Amendment, this constitutional provision does not apply because "the Eighth Amendment's protections [do] not attach until after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989). While Plaintiff also cites the Ninth Amendment, which provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people," the Ninth Circuit has concluded that "the [N]inth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *see also Bland v. Cox*, No. 2:20-cv-0715-DMC-P, 2021 WL 3783909, at *4 (E.D. Cal. Aug. 26, 2021) ("Although it has been suggested that the Ninth Amendment safeguards rights that the first eight amendments do not articulate, the Ninth Amendment has never been recognized as independently securing any right for the purposes of a civil rights action.").[2]

Rather, because the circumstances of the complaint indicate that Plaintiff was being arrested around the time of the use-of-force incident, the Fourth Amendment provides the

---

[2] For the reasons noted in discussing Plaintiff's first claim, neither the Eighth Amendment nor the Ninth Amendment provide the relevant framework for analyzing Plaintiff's second or third claims.

relevant standard for his excessive-force claim. *Graham*, 490 U.S. at 394 ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person."); *see also Pierce v. Multnomah County, Oregon*, 76 F.3d 1032, 1042 (9th Cir. 1996) (noting that "the Fourth Amendment continues to protect an arrestee during the second custodial stage, post-arrest but pre-arraignment").

Such excessive-force claims are "properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Graham*, 490 U.S. at 388. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks and internal citations omitted). The Supreme Court has cautioned that this reasonableness inquiry should not be approached mechanically but "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* As for the objective component of the inquiry, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

In his complaint, Plaintiff alleges that Officer Acosta pinned him to the ground "while another officer tazed [him] in the back right side." (ECF No. 1, p. 3). Plaintiff also alleges he "was also slammed and suffered injuries." (*Id.*). Such allegations sufficiently state an excessive-force claim against Officer Acosta to proceed past the screening stage.

However, Plaintiff fails to state an excessive force claim against the only other Defendant named in the complaint, the Lemoore Police Department. A county or other local governmental entity may be liable for a constitutional deprivation where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny."

*Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016). Under *Monell*, an entity defendant cannot be held liable for a constitutional violation solely because it employs a tortfeasor. 436 U.S. at 691. An entity defendant can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). "Since *Iqbal*, courts have repeatedly rejected conclusory *Monell* allegations that lack factual content from which one could plausibly infer *Monell* liability." *See, e.g., Rodriguez v. City of Modesto*, 535 Fed. App'x 643, 646 (9th Cir. 2013) (affirming district court's dismissal of *Monell* claim based only on conclusory allegations and lacking factual support).

Here, Plaintiff fails to allege a cognizable claim against Defendant Lemoore Police Department because Plaintiff does not allege that Defendant Lemoore Police Department had any policy or custom that led to a deprivation of his constitutional rights. *See Taylor v. W. Sacramento Police Dep't*, No. CIV S-11-0502 EFB P, 2011 WL 2144486, at *2 (E.D. Cal. May 31, 2011) (dismissing claim against a police department where "Plaintiff ha[d] not alleged that he was unconstitutionally arrested pursuant to an official policy or custom").

### C. Medical Needs

Plaintiff states for his second claim that he never received medical attention although he requested it. (ECF No. 1, p. 4). The Ninth Circuit has concluded in *Tatum v. City and County of San Francisco* that the Fourth Amendment requires an arrestee to receive objectively reasonable care. *See Tatum*, 441 F.3d 1090, 1098 (9th Cir. 2006) ("Just as the Fourth Amendment does not require a police officer to use the least intrusive method of arrest, neither does it require an officer to provide what hindsight reveals to be the most effective medical care for an arrested suspect.") (internal citation omitted). While the Ninth Circuit has not defined exactly what constitutes objectively reasonable medical care of an arrestee, it has concluded

that "police officers [must] seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Id.* at 1099 (quoting *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir.1986)). A district court has summarized as follows what is, at a minimum, required under *Tatum*:

> The critical holding of that case, therefore, is that when an arresting officer realizes that an arrestee requires medical attention, he is not required "to provide what hindsight reveals to be the most effective medical care," but he is required to promptly summon some sort of appropriate care. Failure to do anything is a violation of the arrestee's Fourth Amendment rights—evidence "that the officers ignored [an arrestee's] deteriorating medical condition" is reason to deny qualified immunity.

*B.P. v. Cty. of San Bernardino*, No. EDCV 19-1243-JGB-SPX, 2019 WL 7865177, at *3 (C.D. Cal. Nov. 14, 2019) (alteration in original and internal citations to *Tatum* omitted).

Considering the above standards, the Court notes that Plaintiff fails to identify which of the Defendants, if either, would have known that he needed medical care. Plaintiff does not describe when he requested medical care, whom he asked for medical care, or their response. Moreover, Plaintiff fails to identify a specific medical condition for which appropriate care was not obtained. Given the lack of such allegations, Plaintiff has failed to state a viable medical-needs claim under the Fourth Amendment.

### D. Due Process Claim or State Law Claims

Plaintiff states in his third claim that "officers stole [his] car for no reason," which he states "was insured and in [his] sister's name." (ECF No. 1, p. 5). As set forth earlier, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). And Plaintiff

must demonstrate that each named Defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019).

This claim violates the requirements of Rule 8(a) because Plaintiff fails to include a short and plain statement of the claim showing that he is entitled to relief. For example, Plaintiff fails to identify which of the two named Defendants "stole" his car and he does not provide any factual allegations that would fairly notify the Defendants of the specific conduct that Plaintiff believes violated his rights.

Should Plaintiff seek to amend his complaint, he may wish to review the following legal standards that might be relevant in asserting a claim. First, Plaintiff is advised that, under Federal Rule of Civil Procedure 17, "[a]n action must be prosecuted in the name of the real party in interest." Generally, "the real party in interest" is one who has a legal claim to the property involved. *See Rosenberg v. Bank of Am.*, No. CV 15-7518-PSG-AGRX, 2016 WL 7444908, at *3 (C.D. Cal. Sept. 14, 2016) ("The real party in interest is the person who owns or holds title to the claim or property involved, as opposed to others who may be interested."). Here, Plaintiff indicates that the vehicle is owned by his sister. If this is the case and Plaintiff has no legal claim to the property, he is advised that he cannot pursue a claim on his sister's behalf. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.").

Second, assuming that Plaintiff is the real party in interest, authorized intentional deprivation of property pursuant to an established state procedure is actionable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 532 & n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). On the other hand, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff's allegations that his car was stolen indicate an "unauthorized intentional deprivation." While it is unclear exactly whom Plaintiff alleges "stole" his vehicle given his ambiguous reference to "officers" being involved, Plaintiff is advised that "California law provides an adequate post-deprivation remedy in the form of tort claims against public officials." *Strauss v. Cty. of Los Angeles*, No. 19-CV-05277-GW (AFM), 2020 WL 8026143, at *9 (C.D. Cal. Oct. 7, 2020), *report and recommendation adopted*, No. 2:19-CV-05277-GW-AFM, 2021 WL 2808824 (C.D. Cal. July 2, 2021); *see also Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-95); *McFalls v. Alonzo*, No. 21-cv-849-MMA-RBB, 2021 WL 2577149, at *4 (S.D. Cal. June 23, 2021) ("The California Tort Claims Act ('CTCA') provides an adequate post-deprivation state remedy for the random and unauthorized taking of property."); *Dewey v. Adams*, No. CV 2:12-09493-VBF, 2014 WL 3420801, at *17-18 (C.D. Cal. July 9, 2014) (granting summary judgment for defendants on plaintiff's due process claim arising from police officers' purported seizure of plaintiff's personal property after plaintiff's arrest because plaintiff had an adequate post-deprivation remedy under California state law).[3]

Accordingly, should Plaintiff wish to file an amended complaint to allege a due process claim, he should allege facts identifying himself as the real party in interest. Moreover, if he is the real party in interest and wishes to bring a due process claim, he should explain why he does not have an adequate post-deprivation remedy under California law.

---

[3] If Plaintiff wishes to pursue state law claims under California law, he is advised that a party seeking to recover money damages from a public entity or its employees must submit a timely claim to the entity before filing suit in court. *See* Cal. Gov't Code §§ 905, 911.2, 945.4, and 950.2. Timely presentation of claims is not merely a procedural requirement but is an element of the plaintiff's cause of action. *Shirk v. Vista Unified School District*, 64 Cal.Rptr.3d 210, 216 (2007). A plaintiff may bring its action against a public entity and its employees only after the entity has acted upon or is deemed to have rejected the plaintiff's claims. *See id*; *see also Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").

### IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that the following claim should proceed past screening: Plaintiff's excessive-force claim against Defendant Acosta. The Court also finds that all other claims should be dismissed.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege violations under the law with the required specificity described above. Plaintiff should note that, although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to the district judge consistent with this order.

Finally, Plaintiff may choose to notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on the claim that the Court found should proceed past screening. If Plaintiff files a statement that he wants to go forward only on this claim, the Court will authorize service of process on Defendant Acosta.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint;
    b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his excessive-force claim against Defendant Acosta; or
    c. Notify the Court in writing that he wants to stand on his complaint.
3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:21-cv-01275-DAD-EPG; and
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **September 27, 2021**        /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE