UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WALLACE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ACOSTA,<br><br>　　　　Defendant. | Case No. 1:21-cv-01275-DAD-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT BE GRANTED AND THIS CASE BE ALLOWED TO PROCEED ON PLAINTIFF'S FOURTH AMENDMENT EXCESSIVE-FORCE AND FOURTEENTH AMENDMENT MEDICAL-NEEDS CLAIMS AGAINST DOE DEFENDANTS, BUT THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED WITH PREJUDICE<br><br>(ECF No. 20)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE CITY OF LEMOORE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT BE DENIED AS MOOT<br><br>(ECF No. 15)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff James Edward Wallace proceeds *in forma pauperis* and with counsel on excessive-force and medical-needs claims brought under 42 U.S.C. § 1983 against Defendant Acosta, a law enforcement officer. (ECF Nos. 10, 11). This matter is before the Court on (1) Plaintiff's motion for leave to file a second amended complaint adding defendants and claims

1  in this action and (2) the City of Lemoore's (the City) motion to dismiss the first amended
2  complaint, which have been referred to the Court for the preparation of findings and
3  recommendations. (ECF Nos. 15, 20, 31).
4        As explained below, the Court will recommend that Plaintiff's motion for leave to file
5  his second amended complaint be granted and that Plaintiff's claims that Doe Defendants used
6  excessive force against him in violation of the Fourth Amendment and his claims that Doe
7  Defendants denied him adequate medical care in violation of the Fourteenth Amendment be
8  allowed to proceed. However, the Court will recommend that all other proposed claims and
9  Defendants be dismissed with prejudice for failure to state a claim. Lastly, the Court will
10 recommend that the City's motion to dismiss the First Amended Complaint be denied as moot.

11 **I.  BACKGROUND**

12       Plaintiff filed his initial complaint *pro se* on August 23, 2021, bringing excessive-force,
13 medical-needs, and due-process claims against the Lemoore Police Department and officer
14 Acosta. (ECF No. 1). Plaintiff generally alleged that, despite being in handcuffs, he was
15 slammed to the ground and tased in the back by officers; thereafter, he requested, but did not
16 receive, medical care for his injuries. (*Id.* at 3).
17       On September 28, 2021, the Court entered a screening order, concluding that Plaintiff
18 stated an excessive-force claim against Acosta but that no other claims should proceed past the
19 screening stage. (ECF No. 8). As to the Lemoore Police Department, after explaining the
20 relevant legal standards, the Court concluded that Plaintiff failed to allege sufficient facts
21 supporting municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436
22 U.S. 658 (1978) and its progeny. The screening order gave Plaintiff thirty days to either file a
23 first amended complaint, notify the Court in writing that he did not want to file an amended
24 complaint and instead wanted to proceed only on his excessive-force claim against Acosta, or
25 notify the Court in writing that he wanted to stand on his complaint. On October 25, 2021,
26 Plaintiff, still proceeding *pro se*, filed a first amended complaint. (ECF No. 9).
27       On November 12, 2021, the Court issued findings and recommendations,
28 recommending that this case proceed only on Plaintiff's excessive-force and medical-needs

claims against Acosta, and that the claims against the Lemoore Police Department be dismissed for failure to state a claim. (ECF No. 10). The Court recommended that no further leave to amend be granted because Plaintiff had failed to cure the deficiencies from his initial complaint despite the Court providing him with the relevant legal standards, thus granting leave to amend would be futile. (*Id.* at 8). Plaintiff did not file objections, and then presiding District Judge Dale A. Drozd adopted the findings and recommendations on January 12, 2022. (ECF No. 11).

On March 8, 2022, the City, a non-party by this point, moved to dismiss the first amended complaint, arguing that it never employed any law enforcement officer with the name Acosta during the relevant time period and thus Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), failed to join an indispensable party under Rule 12(b)(7) and Rule 19, and service of process was insufficient under Rule 12(b)(4). (ECF No. 15). Plaintiff has filed no opposition to this motion.

On March 28, 2022, Plaintiff, now proceeding with counsel, moved to file a second amended complaint, seeking to replace Acosta with a Doe Defendant, name additional Doe Defendants as to his excessive-force and medical-needs claims, allege additional facts as to his excessive-force and medical-needs claims, and to add municipal and supervisor-liability claims against the City, Police Chief Darrell Smith, and Doe Defendants. (ECF No. 20). Plaintiff has attached a proposed second amended complaint to his motion. (ECF No. 20-2).

The City opposes Plaintiff's motion to amend,[1] arguing that the order adopting the recommendation to deny further leave to amend as to the Lemoore Police Department bars Plaintiff from raising claims against the City, which is the same entity as the Lemoore Police

---

[1] The City's non-party status raises doubts as to whether the City has standing to oppose leave to amend. *See Vazquez v. Summit Women's Ctr., Inc.*, 301 CV 955 (PCD), 2001 WL 34150397, at *1 n. 1 (D. Conn. Nov. 16, 2001) ("The standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious."). However, the Court will review the City's opposition brief as to the claims against the City given that the Lemoore Police Department was previously a defendant and because the City would be a defendant if such claims were allowed to proceed. However, the Court disregards the City's opposition as to any other Defendant for lack of standing. *See Parlante v. Cazares*, No. 2:11-CV-2696 MCE GGH, 2012 WL 2571207, at *5 n.4 (E.D. Cal. July 2, 2012), *report and recommendation adopted*, 2012 WL 13042508 (E.D. Cal. Aug. 6, 2012) (noting that non-party lacked standing to participate in case).

3

1  Department. (ECF No. 23). Additionally, the City argues that Plaintiff's municipal and
2  supervisor-liability claims are unsupported by sufficient facts to meet Federal pleading
3  standards.
4        Plaintiff's reply argues that his former *pro se* status should be considered in evaluating
5  the dismissal of his claims against the Lemoore Police Department and that his second
6  amended complaint cures his previous complaints' deficiencies. (ECF No. 27). Additionally,
7  Plaintiff argues that leave to amend is warranted under the standards governing Federal Rule of
8  Civil Procedure 15.
9        On September 12, 2022, now presiding District Judge Ana de Alba referred the motion
10 to dismiss and motion to amend for the preparation of findings and recommendations. (ECF
11 No. 31).

## II.   MOTION TO AMEND

### A.   Standards

Under Rule 15(a), a party may amend a pleading once as a matter of course within twenty-one days of service, or if the pleading is one to which a response is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Granting or denying leave to amend is in the discretion of the Court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). Leave should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy favoring the grant of leave to amend is applied with "extreme liberality." *Id.* (citation omitted).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754

F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir.2004)). "The test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *Woods v. First Am. Title, Inc.*, No. CV-111284-GHK (VBKx), 2011 WL 13218022, at *2 (C.D. Cal. Sept. 20, 2011) ("Futility of amendment is analyzed much like a Rule 12(b)(6) motion to dismiss—an amended complaint is futile when it would be subject to dismissal.").

The sufficiency of a pleading for purposes of Rule 12(b)(6) must be considered in conjunction with Rule 8(a)(2). *See Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003) ("To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)."). A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

**B.   Analysis**

With these standards in mind, the Court will recommend that Plaintiff be granted leave to file a second amended complaint and this case be permitted to proceed on Plaintiff's claims that excessive force was used against him in violation of the Fourth Amendment and that he was denied adequate medical care in violation of the Fourteenth Amendment, which are identified as his first and second claims for relief in his second amended complaint. (ECF No.

20-2, p. 2).

The Court notes that Plaintiff seeks to substitute a Doe Defendant for Acosta, add Doe Defendants who were allegedly involved in the use of excessive force and denial of medical care, and add supporting factual allegations for the alleged use of excessive force and denial of medical care. Examples of the new factual allegations include Plaintiff's contention that an officer drew a firearm in his direction. (ECF No. 20-2, p. 6). An officer also lied that Plaintiff had grabbed and/or reached for the officer's firearm. (*Id.*). And although Plaintiff complained of headaches and vision problems because of the injuries stemming from his arrest, he was not provided with a medical appointment for three months. (*Id.* at 7).

None of these additions are in bad faith, the product of undue delay, prejudicial to Defendants, futile, or improper in light of previous amendments. Moreover, Plaintiff's core allegations from his first amended complaint that he elaborates on in his second amended complaint—*i.e.*, that he was handcuffed, slammed to the ground, tased, and thereafter denied reasonable medical care—continue to sufficiently state excessive-force and medical-needs claims against the Doe Defendants.[2] (*Id.* at 6-14). Such circumstances warrant granting Plaintiff leave file his second amended complaint.

However, as to Plaintiff's municipal and supervisory-liability claims, which are identified as his third through fifth claims for relief, the Court will recommend that such claims not be permitted to proceed for the reasons given below. (ECF No. 20-2, p. 2). As an initial matter, the Court notes that, although a large part of the dispute between Plaintiff and the City revolves around the effect of the prior dismissal of the claims against the Lemoore Police Department without further leave to amend, the Court concludes that, because Plaintiff was previously unrepresented by counsel, it will not recommend denial of leave to amend solely based on the prior dismissal. Rather, in reviewing the municipal and supervisory-liability claims, the Court is instead guided by its previous determinations regarding the lack of

---

[2] Because these claims have already been allowed to proceed in this case, the Court will not repeat the governing legal standards, but generally directs the parties to its prior findings and recommendations allowing these claims to proceed. (ECF No. 10, pp. 5-7).

sufficient factual allegations to support such claims. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Futility alone can justify the denial of a motion to amend."). Before turning to the allegations in the second amended complaint, the Court reviews the standards governing municipal and supervisor-liability claims.

A municipality may be liable for a constitutional deprivation where the plaintiff can "satisfy the requirements for municipality liability established by *Monell* and its progeny." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016). Under *Monell*, an entity defendant cannot be held liable for a constitutional violation "*solely* because it employs a tortfeasor." 436 U.S. at 691 (emphasis in original). Rather, "[a] municipality may be held liable under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (quoting *Monell*, 436 U.S. at 694). "To establish municipal liability under § 1983, a plaintiff 'must show that (1) [he] was deprived of a constitutional right; (2) the [municipality] had a policy or custom; (3) the policy or custom amounted to a deliberate indifference to her constitutional right; and (4) the policy was the moving force behind the constitutional violation.'" *Id.* (quoting *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001)).

"In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). To establish municipal liability for inaction amounting to deliberate indifference, a plaintiff must show that defendant "was on actual or constructive notice that its omission would likely result in a constitutional violation. Only then does the omission become the functional equivalent of a decision by [the defendant] itself to violate the Constitution." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1145 (9th Cir. 2012) (internal quotation marks and citations omitted).

Similarly, supervisory personnel are not liable under § 1983 for the actions of their

employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77. To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (internal quotation marks and citations omitted).

With these legal standards in mind, the Court observes that the second amended complaint is drafted more artfully than Plaintiff's previous complaints. However, it still fails to include sufficient factual allegations to support municipal and supervisor-liability claims. Notably, the second amended complaint asserts, without support and often upon information and belief, that Plaintiff's constitutional rights were violated pursuant to various customs, policies, practices, and procedures. As one example, Plaintiff states:

> On information and belief, the unconstitutional actions and/or omissions of Defendants DOE 1 and DOES, as well as other officers employed by or acting on behalf of defendants CITY and LPD, were pursuant to the following customs, polices, practices, and/or procedures of the LPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by defendant LPD CHIEF SMITH and other policy making officers for the CITY and LPD:
>
> a. To use or tolerate the use of excessive and/or unjustified force, including in the use of unreasonable deployment of a police canine, punching a defenseless person in the face and failing to recall the canine despite a complicit person;
>
> b. To engage in or tolerate unreasonable seizures;
>
> c. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures, the use of physical arrest tactics and control holds, and use of force when the need for such training, supervision, policies, and procedures are obvious.

(*See* ECF No. 20-2, pp. 14-15).[3]

However, asserting that a policy, custom, or practice exists and led to a constitutional violation is insufficient absent sufficient factual support. For example, although Plaintiff asserts that the City has a custom of tolerating excessive and/or unjustified force—giving the example of punching a defenseless person in the face—Plaintiff fails to provide facts to support the conclusion that such a custom exists, such as by citing similar prior instances that have occurred in the past with Lemoore law enforcement officers. *See Holloway v. Cnty. of Orange*, 538 F. Supp. 3d 973, 982 (C.D. Cal. 2021) (noting that allegations of multiple prior instances of similar misconduct can support an allegation that a custom exists). Moreover, Plaintiff does not, for example, identify any written materials or statements showing the existence of the various policies and practices that he alleges led to his constitutional rights being violated. *See Johnson v. Cate*, No. 1:10-CV-00803-AWI, 2012 WL 1076209, at *3 (E.D. Cal. Mar. 29, 2012) (requiring the Plaintiff to go beyond stating that a policy existed, rather, he had to "support his conclusion with plausible factual allegations describing in detail a county policy that was the moving force behind the alleged constitutional violations"). Likewise, Plaintiff's multiple allegations against Chief Smith, including that he allowed, tolerated, or encouraged a "code of silence" among the officers involved in the incident, are insufficient absent any supporting facts. *Hason v. Los Angeles Cnty.*, No. CV 11-5382-SVW (JPR), 2012 WL 13123534, at *2 (C.D. Cal. Nov. 30, 2012), *report and recommendation adopted*, 2013 WL 12377029 (C.D. Cal. Apr. 30, 2013) ("Plaintiff's vague allegations of a department-wide 'code of silence' are insufficient to state a Monell claim against the County.").

The Court notes that, as to Plaintiff's allegations concerning inadequate training, Plaintiff cites caselaw indicating that a single incident may be enough to state a claim. (ECF No. 27, p. 6). However, such circumstances are the exception and concern instances "where the failure to train is so patently obvious that a single constitutional violation suffices to give rise to municipal liability under § 1983." *Schwartz v. Lassen Cnty. ex rel. Lassen Cnty. Jail*, 838 F.

---

[3] In all, Plaintiff lists twelve general categories of policies, customs, and practices in connection with this example.

Supp. 2d 1045, 1058 (E.D. Cal. 2012). Here, although Plaintiff characterizes the officers' conduct in this incident as egregious, such allegations, even if true, do not show that the City failed to properly train the officers. Stated another way, the fact that the officers may have violated Plaintiff's constitutional rights does not obviously show that the City failed to properly train them—*e.g.*, the officers could have simply disregarded their training and used excessive force against Plaintiff anyway.

In conclusion, Plaintiff's conclusory municipal and supervisor-liability claims lack sufficient factual allegations to state a claim. *Garcia v. Cnty. of Napa*, No. 21-CV-03519-HSG, 2022 WL 110650, at *7 (N.D. Cal. Jan. 12, 2022) (granting motion to dismiss where "Plaintiffs' conclusory and vague allegations [regarding municipal liability] simply track[ed] the legal standard and [did] not provide detail sufficient for the Court draw the reasonable inference that Defendants [were] liable for the misconduct allege"). Accordingly, such claims should not be permitted to proceed in this action.

Based on the forgoing, Plaintiff's motion for leave to file a second amended complaint should be granted. However, the Court will recommend that Plaintiff be allowed to proceed only on his excessive-force and medical-needs claims against the Doe Defendants. All other proposed claims and Defendants should be dismissed with prejudice for failure to state a claim.

### III. MOTION TO DISMISS

As noted above, the City's motion to dismiss seeks to dismiss the first amended complaint that was filed on October 25, 2021, when Plaintiff was proceeding *pro se*. (ECF Nos. 9, 15). The Court need not address the merits of the City's motion to dismiss because, if adopted, the recommendation to allow Plaintiff to file his second amended complaint and proceed on some of the claims in that complaint will mean that the first amended complaint "no longer performs any function and is treated thereafter as non-existent." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992). Thus, the Court will recommend that the City's motion to dismiss the first amended complaint be denied as moot.[4]  *See Huang v.*

---

[4] The City may also lack standing to move to dismiss this case because it is no longer a party. *See Star & Crescent Boat Co., Inc. v. Sunsplash Marina LLC*, No. 3:21-CV-00169-BEN-JLB, 2021 WL

*Genesis Glob. Hardware, Inc.*, No. 2:20-CV-1713-JAM-KJN (PS), 2020 WL 6318206, at *1 (E.D. Cal. Oct. 28, 2020) (denying motion to dismiss as moot after Plaintiff filed an amended complaint).

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 20) be granted;
2. Plaintiff's claims from his second amended complaint that Doe Defendants used excessive force against him in violation of the Fourth Amendment and that Doe Defendants denied him adequate medical care in violation of the Fourteenth Amendment be allowed to proceed;[5]
3. All other claims and Defendants be dismissed with prejudice for failure to state a claim upon which relief may be granted;
4. The Clerk of Court be directed to file the second amended complaint on the docket (ECF No. 20-2); and
5. The City of Lemoore's motion to dismiss (ECF No. 15) be denied as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are

---

1526601, at *8 (S.D. Cal. Apr. 19, 2021) ("However, Ms. Spurr lacks the ability to file a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure ('FRCP') because she has not been named as a defendant . . . .").

[5] The Court notes that, for the claims that it is recommending that this case proceed on, there are no named Defendants associated with the allegations, only Doe Defendants. While Plaintiff lists Does 1-50 in his second amended complaint, the above recommendation is to allow this case to proceed only against those Does involved in Plaintiff's excessive-force and medical-needs claims. After the District Judge issues an order regarding the findings and recommendations, the Court will enter an order allowing discovery sufficient to determine the identities of the Doe Defendants, if applicable.

advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 14, 2022**          /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE