UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WALLACE,<br><br>        Plaintiff,<br><br>  v.<br><br>DOES, et al.,<br><br>        Defendants. | No. 1:21-cv-01275-ADA-EPG<br><br>ORDER PERMITTING LIMITED DISCOVERY OF DOE DEFENDANTS |

      Plaintiff James Edward Wallace proceeds *in forma pauperis* and with counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 6, 2022, the assigned District Judge adopted this Court's findings and recommendations to allow the following claims to proceed from Plaintiff's second amended complaint: his claims that Doe Defendants used excessive force against him in violation of the Fourth Amendment and his claims that Doe Defendants denied him adequate medical care in violation of the Fourteenth Amendment. (ECF No. 34).

      Because this case proceeds against only Doe Defendants, the Court is unable to direct service of process through the United States Marshals until they are identified. However, as noted in the Court's findings and recommendations, the Court will, with the adoption of its recommendations, permit discovery sufficient to determine the identity of the Doe Defendants. (ECF No. 33, p. 11 n. 5).

      Specifically, although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required

by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena (or subpoenas) duces tecum to a third party (or third parties) for the limited purpose of identifying the Doe Defendants for the claims that proceed in this case. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to send Plaintiff form AO 88B[1] (a subpoena form) and form USM-285[2] (a United States Marshals form for process receipt and return).
2. Plaintiff has thirty (30) days from the date of service of this order to complete and return form AO 88B and form USM-285.[3]
3. Plaintiff has one-hundred and twenty days (120) days from the date of service of this order to file a motion to substitute named defendants in place of all Doe Defendants.
4. Plaintiff is not authorized to serve any other discovery outside the scope of this order without first filing a motion seeking leave to do so.
5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:  **December 7, 2022**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Federal Rule of Civil Procedure 45(a)(3) provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." Here, while the Court is directing the Clerk to issue a subpoena to Plaintiff, it notes that, because Plaintiff is represented by counsel, his attorney may also issue a subpoena.

[2] "Because plaintiff is proceeding in forma pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the United States Marshal." *Modica v. Russell*, No. 2:15-CV-00057-MCE-AC PS, 2015 WL 13653879, at *2 (E.D. Cal. Sept. 18, 2015) (citing 28 U.S.C. § 1915(d)). However, Plaintiff may choose to serve the subpoena by any means permissible by law. *See* Fed. R. Civ. P. 45(b).

[3] If Plaintiff chooses to issue the subpoena by means other than the United States Marshals, Plaintiff shall file a notice within thirty days of service of this order notifying the Court.