UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WALLACE,<br><br>        Plaintiff,<br><br>    v.<br><br>DOES, et al.,<br><br>        Defendants. | No. 1:21-cv-01275-ADA-EPG<br><br>ORDER GRANTING MOTION TO SUBSTITUTE, DIRECTING CLERK TO SEND, AND PLAINTIFF TO COMPLETE AND RETURN, SERVICE DOCUMENTS<br><br>(ECF No. 41) |

Plaintiff James Edward Wallace proceeds *in forma pauperis* and with counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. On December 6, 2022, the assigned District Judge adopted this Court's findings and recommendations to allow the following claims to proceed from Plaintiff's second amended complaint: Doe Defendants used excessive force against Plaintiff in violation of the Fourth Amendment and Doe Defendants denied him adequate medical care in violation of the Fourteenth Amendment. (ECF No. 34).

Because the case proceeded against only Doe Defendants, the Court opened discovery for the limited purpose of allowing Plaintiff to identify the Doe Defendants. (ECF No. 37). Likewise, the Court set a deadline for Plaintiff to file a motion to substitute named Defendants in place of the Doe Defendants so they could be brought into the case and served. (*Id*. at 2).

On April 6, 2023, Plaintiff timely filed his "Motion to Correct Names of Doe Defendants Pursuant to Court Order," which the Court construes as Plaintiff's motion to substitute named Defendants in place of the Doe Defendants identified in the operative complaint. (ECF No. 41).

Specifically, Plaintiff seeks to substitute the names of Does 1-5 with the names of the five following Lemoore Police Department officers: "Devin Cosper, Tanner Jacques, Jose Ambriz, Daniel Ortega, and Thomas Duvall."[1]

On April 7, 2023, the City of Lemoore, who is not a party in this case with its Police Department being previously dismissed as a Defendant, filed on opposition to the motion.[2] (ECF No. 42; *see* ECF Nos. 11, 33, 34). While the City does not object to Plaintiff substituting the named Defendants for the Doe Defendants, it argues that Plaintiff must file an amended complaint under this Court's Local Rules and to ensure that previously dismissed claims and Defendants "are removed from the proposed amended pleading."

On April 10, 2023, the presiding District Judge referred the motion "for the preparation of findings and recommendations, or if warranted, the preparation of an order." (ECF No. 43). The Court concludes that an order is warranted under Federal Rule of Civil Procedure 72(a), as opposed to findings and recommendations, because the Court will permit Plaintiff to substitute the named Defendants for the Doe Defendants and is thus not disposing of any party's claim or defense. *See Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) ("It should be no surprise that the magistrate judge's decision to grant a motion to amend is not generally dispositive. . . ."); *Pablo-DeJesus v. Cnty. of Multnomah*, No. 3:19-CV-01574-SB, 2020 WL 7265362, at *1 (D. Or. Dec. 10, 2020) ("The Court may resolve the motion without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c), because granting the motion to substitute does not dispose of any claims or defenses and does not deny any ultimate relief.").

Upon review, the Court concludes that substitution of the Doe Defendants is proper. As the Court previously noted, the case could not proceed at an earlier stage because Plaintiff did not know the identity of the Doe Defendants. Plaintiff has now identified them with the benefit

---

[1] Although Plaintiff states that he may move for leave to file an amended complaint in the future to assert "additional and modified causes of action," at this time, he is only moving to substitute the named Defendants in place of the Doe Defendants. (ECF No. 40, p. 4 n.2). Accordingly, this order pertains only to substitution of the Doe Defendants in the operative complaint.

[2] The City's non-party status raises doubts as to whether the City has standing to oppose Plaintiff's motion. *See Vazquez v. Summit Women's Ctr., Inc.*, 301 CV 955 (PCD), 2001 WL 34150397, at *1 n. 1 (D. Conn. Nov. 16, 2001) ("The standing of non-parties to challenge a motion for leave to file an amended complaint that seeks to add them is, at best, dubious."); *see also Parlante v. Cazares*, No. 2:11-CV-2696 MCE GGH, 2012 WL 2571207, at *5 n.4 (E.D. Cal. July 2, 2012), *report and recommendation adopted*, 2012 WL 13042508 (E.D. Cal. Aug. 6, 2012) (noting that non-party lacked standing to participate in case).

of limited discovery and timely moved to substitute them with named Defendants. Even were the Court to consider the opposition of the City, a non-party, the Court will not require Plaintiff to file an amended complaint. Rather, to effectuate the speedy progression of this case, which has been pending since August 2021, the Court will order that all references to Doe Defendants in the operative complaint for the surviving claims be substituted for the five named Defendants.

Further, as the surviving claims are reflected on the record, there is no concern that previously dismissed Defendants or claims will be revived simply by allowing such substitution. (*See* ECF No. 34 – specifying the surviving claims). Moreover, after the named Defendants are served, they will have the opportunity to challenge the claims against them in the operative complaint by filing an appropriate motion.

Lastly, to effectuate service by the United States Marshals Service, as Plaintiff is proceeding *in forma pauperis*, the Court will have the Clerk electronically provide Plaintiff certain documents to complete and return.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to substitute (ECF No. 41) is granted.
2. This case now proceeds on Plaintiff's claims that Lemoore Police Department officers Devin Cosper, Tanner Jacques, Jose Ambriz, Daniel Ortega, and Thomas Duvall used excessive force against him in violation of the Fourth Amendment and his claims that these same Defendants denied him adequate medical care in violation of the Fourteenth Amendment.
3. All references in the surviving claims in the second amended complaint (ECF No. 35) to Doe Defendants are substituted with the following Lemoore Police Department officers: "Devin Cosper, Tanner Jacques, Jose Ambriz, Daniel Ortega, and Thomas Duvall."
4. The Clerk of Court is directed to add "Devin Cosper, Tanner Jacques, Jose Ambriz, Daniel Ortega, and Thomas Duvall" as Defendants on the docket.
5. The Clerk is directed to terminate "Acosta, City of Lemoore, and Darrell Smith" as Defendants from the docket.
6. Service is appropriate on the following Defendants:

a. Devin Cosper, an officer with the Lemoore Police Department on or around July 28, 2021.

b. Tanner Jacques, an officer with the Lemoore Police Department on or around July 28, 2021.

c. Jose Ambriz, an officer with the Lemoore Police Department on or around July 28, 2021.

d. Daniel Ortega, an officer with the Lemoore Police Department on or around July 28, 2021.

e. Thomas Duvall, an officer with the Lemoore Police Department on or around July 28, 2021.

7. The Clerk of Court shall electronically provide Plaintiff with a USM-285 form, a summons for each Defendant, a Notice of Submission of Documents form, and an instruction sheet.

8. Within thirty (30) days from the date of service of this order,[3] Plaintiff shall complete the Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a. A completed summons for each Defendant;

   b. A completed USM-285 form for each Defendant; and

   c. Six (6) copies (five total for the Defendants and one for the United States Marshals Service) of the second amended complaint (ECF No. 35) filed on December 6, 2022;

9. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

\\\

---

[3] While the Court is directing Plaintiff to complete these documents, it notes that Plaintiff is represented by counsel, and Plaintiff may choose to pursue service without the assistance of the United States Marshals Service in any manner compliant with Federal Rule of Civil Procedure 4. If Plaintiff does so, Plaintiff shall file a notice within thirty (30) days from the date of service of this order, advising the Court that Plaintiff will not be using the United States Marshals Service to serve Defendants.

10. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 14, 2023**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE