UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD WALLACE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LEMOORE, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01275-KES-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH A COURT ORDER; AND FAILURE TO UPDATE ADDRESS<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS<br><br>(ECF No. 83). |

## I.　　INTRODUCTION

Plaintiff James Edward Wallace proceeds *pro se* in this civil rights lawsuit filed pursuant to 42 U.S.C. § 1983 on August 23, 2021. (ECF No. 1). Although Plaintiff previously had counsel, the Court granted counsel's motion to withdraw on August 29, 2025, based on counsel's representation that Plaintiff had failed to communicate with counsel and did not have a current means of being contacted following Plaintiff's release from jail. (ECF Nos. 78, 83). In addition to granting counsel's motion to withdraw, the Court ordered as follows:

> On August 29, 2025, the Court held a hearing on the motion filed by Attorney Jason Sias to withdraw as counsel for Plaintiff James Edward Wallace. Despite issuing an order directing Plaintiff to appear at the hearing, with counsel serving

1

the minute order on Plaintiff by email, Plaintiff failed to appear at the hearing. (ECF Nos. 79 , 80 ). At the hearing, the Court GRANTED the motion to withdraw (ECF No. 78 ) for the reasons stated on the record. The Clerk of Court is directed to terminate Attorney Jason Sias as counsel from the docket and to add the following address and contact information for Plaintiff (Kings County Jail, 1570 Kings County Drive, Hanford, California 93230; Telephone (909) 676-1300; Email: lil.bean1101@gmail.com). The Clerk of Court is directed to serve a copy of this minute order on Plaintiff at the above address, which is his last known address. **Within 30 days from the entry of this order, Plaintiff shall file a notice with the Court advising whether he intends to hire counsel, and if so, advising how long he needs to do so. Plaintiff is advised that, the failure to respond to this order or otherwise participate in the case may result in the dismissal of this case.** Lastly, all dates and deadlines are vacated, to be reset following Plaintiff's response, if necessary.

(ECF No. 83) (emphasis added).

The thirty-day period has expired without Plaintiff filing anything. Moreover, the Court's order was returned on September 9, 2025, "as Undeliverable, RTS, Inmate Not Here, Not Deliverable as Addressed, Unable to Forward," and Plaintiff has not provided an updated address.

Accordingly, the Court will recommend dismissal based on Plaintiff's failure to prosecute this case, failure to comply with court orders, and failure to update his address.

## II.    ANALYSIS

In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Additionally, Local Rule 183(b) provides as follows:

A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'"

*Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the

first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to timely respond to the Court's order about whether he intends to hire counsel or file anything at all since this order was issued. (ECF No. 83). Moreover, Plaintiff has failed to keep the Court informed of his address as required under Local Rule 183(b). These failures are delaying the case and interfering with docket management, as the case cannot progress without Plaintiff's participation and an address for Plaintiff to receive court filings. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case, comply with court orders, and update his address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with a court order, despite being warned of possible dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

\\\
\\\

3

### III. CONCLUSION AND RECOMMENDATIONS

For the reasons explained above, IT IS RECOMMENDED that:

1. This case be dismissed, without prejudice, based on Plaintiff's failure to prosecute this case, failure to comply with a court order, and failure to update his address.

2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 10, 2025**                  /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE